# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN PAUL JONES, III,
          Appellant,

     v.

DEPARTMENT OF VETERANS
   AFFAIRS,
          Agency.

DOCKET NUMBER
DE-3330-14-0364-I-1

DATE: April 13, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John Paul Jones, III</u>, Albuquerque, New Mexico, pro se.

<u>Jeffrey James Hatch</u>, Roanoke, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which denied the appellant's request for corrective action under Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The following facts are undisputed unless otherwise noted. The appellant, a 5-point preference-eligible veteran, applied for a GS-14 Administration Officer position under Vacancy Announcement PG-14-DBA-1094170-ORD and the agency found him ineligible for the position. Initial Appeal File (IAF), Tab 26 at 10, Tab 4 at 8, 17. After exhausting his administrative remedies before the Department of Labor (DOL), the appellant filed a timely appeal with the Board alleging that the agency "used overly selective criteria . . . to deny highly qualified veterans their rights under VEOA," and he requested a hearing on his appeal. Tab 1 at 2-5, 8. The agency filed a response stating that the appellant lacked the specialized experience required for the position, and that the agency did not violate his rights under VEOA. IAF, Tab 4 at 6. The agency asked the Board to adjudicate the appeal without holding a hearing and submitted various documents, including a copy of the job announcement and the letter informing the appellant that the agency adjudicated his TP veterans' preference but found that he was ineligible because his application did not show that he had the specialized experience needed for the position. *Id*. at 8-17. The agency also submitted the

redacted list ranking the job applicants, which included the explanatory notes of the human resources specialist who reviewed their applications and determined if they were qualified.  IAF, Tab 26.

¶3        The administrative judge found that the Board had jurisdiction over the appeal pursuant to 5 U.S.C. § 3330a and "that within the ambit of issues raised with DOL is the appellant's allegation that the agency failed to properly credit his experience in violation of 5 U.S.C. § 3311."[2]  IAF, Tab 36, Initial Decision (ID) at 4, Tab 19 at 3.  The administrative judge further found that the Board lacked jurisdiction over the other claims raised on appeal by the appellant because he did not exhaust those claims at DOL.[3]  ID at 4, 7.  The administrative judge also ordered the appellant to provide evidence and argument to show the existence of a genuine dispute of material fact that warranted a hearing.  IAF, Tab 27 at 1-2.

¶4        In response to the order, the appellant asked the Board to sanction the agency's representative for calling him a "goat herder."  IAF, Tab 28.  In addition, the appellant provided background information about his prior VEOA appeals against a different agency and disputed the finding that the agency herein did not violate his rights under VEOA.  IAF, Tab 31.  The appellant also disputed the determination of a Management and Program Analyst from the agency's Office of Research and Development, which conducted an additional review of

---

[2] The DOL file closure letter stated that the appellant alleged "that the VA was not properly considering [his] veterans' preference" and "claim[ed] they are not properly considering [his] veterans' preference due to their determination that [he] do[es] not meet the specialized experience statement as listed in the job announcement."  IAF, Tab 1 at 8.  The appellant did not provide a copy of his DOL complaint in his response to the administrative judge's order on VEOA jurisdiction and notice of proof requirements.  IAF, Tabs 10, 16-17.

[3] Specifically, the administrative judge found that the appellant failed to exhaust his claim that the agency failed to maintain a system that fairly tests the relative capacity and fitness of the applicants in violation of 5 U.S.C. § 3304(a)(1), and his claims of age discrimination and prohibited personnel practices in violation of 5 U.S.C. § 2302(b)(6).  ID at 4, 7; IAF, Tab 19 at 2-3.

his qualifications and found that he lacked the research experience required for the position.  IAF, Tab 31 at 9; *see* IAF, Tab 22 at 8-9.

¶5    The administrative judge issued an order finding no dispute of material fact and allowed the parties an additional opportunity to supplement the record before it closed.  IAF, Tab 32.  The appellant responded by stating that he disputed the "the claims of [the agency's representative] that he is a 'goat herder' and a 'garbage collector' and that such a dispute is both genuine and material to the outcome of the case."  IAF, Tab 33 at 5.  The appellant also asked the Board to certify an interlocutory appeal to obtain a ruling against the agency's representative for his "abusive misconduct."  IAF, Tab 34 at 4.  The appellant stated that he submitted "a massive amount of *evidence* that irrefutably proves systemic wrong-doing at the Department of Health and Human Services," which is not the agency in this appeal.  IAF, Tab 35 at 4 (emphasis in the original).  The appellant also argued that there is "probable cause" for the agency to hold a hearing to examine the merits of the agency's action, and he disputed that he lacked the 1-year of specialized experience required for the position.  *Id*.

¶6    Based on the written record, the administrative judge found that the agency prevailed as a matter of law and did not violate any of the appellant's statutory or regulatory veterans' preference rights.  ID at 7.  In reaching his decision, the administrative judge found that the appellant did not dispute that the agency's human resources specialist reviewed his resume in determining that he lacked "the specialized experience" for the position and finding him ineligible.  ID at 6.[4] The administrative judge also found that the appellant did not allege that the agency "omitted, overlooked, or excluded" any of the information in his 30-page resume in determining that he was not qualified for the position.  ID at 6.  The

---

[4] The vacancy announcement at issue specified such specialized experience as including, inter alia, "developing research policies/procedures and preparing a range of documents . . ." and "ensuring compliance with program requirements involving human subjects research."  IAF, Tab 4 at 9.

administrative judge further found that the appellant's belief that the agency used overly selective criteria did not constitute a violation of his veterans' preference rights and that the Board has no authority to review the merits of the agency's action.  ID at 6-7.

¶7        The appellant filed a petition for review reasserting his argument that the administrative judge improperly denied his right to a hearing and that the Board should review the merits of the agency's action.  Petition for Review (PFR) File, Tab 1 at 13-14.  The appellant also asks the Board to recommend the removal of the agency's representative for "his reckless, provocative, and shameful misconduct."  *Id.* at 14.  The appellant also states that the administrative judge's failure to address his complaints against the agency's representative is the "central dispositive issue in this appeal."  *Id*. at 6.  The agency responded in opposition to the appellant's petition for review, and the appellant replied to the agency's response.  PFR File, Tabs 2-3.

¶8        To be entitled to relief under VEOA, the appellant must prove by preponderant evidence that the agency's selection violated one or more of his statutory or regulatory veterans' preference rights.  *Dale v. Department of Veterans Affairs*, 102 M.S.P.R. 646, ¶ 10 (2006) (citation omitted).  Contrary to the appellant's arguments on review, VEOA does not guaranteed the preference eligible appellant a position; the statute only affords him the right to compete for the position.  *See Abell v. Department of the Navy*, 92 M.S.P.R. 397, 400-401 (2002), *aff'd*, 343 F.3d 1378 (Fed. Cir. 2003).  The Board may decide a VEOA claim on the merits without a hearing when there is no genuine issue of material fact and one party must prevail as a matter of law.  *Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 12 (2007).  A factual dispute is "material" if, in light of the governing law, its resolution could affect the outcome.  *Redd v. U.S. Postal Service*, 101 M.S.P.R. 182, ¶ 14 (2006).  A factual dispute is "genuine" when there is sufficient evidence favoring the party seeking an evidentiary

hearing for the administrative judge to rule in favor of that party should that party's evidence be credited. *Id.*

¶9 Preference-eligible veterans applying for federal employment have the right "to credit for all experience material to the position for which examined, including experience gained in religious, civic welfare, service, and organizational activities, regardless of whether" such experience is unpaid. 5 U.S.C. § 3311(2); *see* 5 C.F.R. § 302.302(d); *see also Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 7 (2014). Although a preference eligible is entitled to have a broad range of experiences considered by the agency in reviewing his application for a position, how the agency adjudges and weighs those experiences is beyond the purview of the Board's review in a VEOA appeal. *Miller*, 121 M.S.P.R. 88, ¶ 9. Pursuant to 5 U.S.C. § 3311(2) and 5 C.F.R. § 302.302(d), the Board is limited to assessing whether an agency considered all of an appellant's "valuable experience" material to the position for which the appellant has applied. This assessment does not include a review of the weight the agency gave to a preference eligible's prior experiences in determining that he was not qualified for a position of employment. *Id*.

¶10 Although the appellant asks the Board to review the merits of the agency's determination that he lacked the 1-year of specialized experience required for the Administrative Officer position, VEOA does not empower the Board to reevaluate the merits of an agency's ultimate determination that a preference-eligible veteran is not qualified for a position with the agency. PFR File, Tab 1 at 10-13; *see Miller*, 121 M.S.P.R. 88, ¶ 12. The agency submitted undisputed proof that the agency's human resources specialist reviewed the appellant's application and determined that he was ineligible because she was unable to find any job duties or experiences in his 30-page resume that supported his statement that he had the

required specialized experience.[5] ID at 6; IAF, Tab 26 at 10. Moreover, the appellant has failed to identify any valuable experience in his resume that is material to the Administrative Officer position that the agency's human resources specialist failed to consider in reviewing his application and making the ultimate determination that he was ineligible. ID at 6; *see Miller*, [121 M.S.P.R. 88](#), ¶ 9. An agency is not required to hire a preference-eligible veteran, if, as was the case here, the agency does not believe that the candidate is qualified or possesses the necessary experience. *See Abell*, 343 F.3d at 1384. We find that the appellant had a full and fair opportunity to develop the record and to dispute the agency's evidence on the dispositive issues in his responses to the administrative judge's orders, and he failed to identify a genuine dispute of material fact that would warrant a hearing.

¶11        The appellant further argues that the administrative judge failed to respond decisively to the appellant's complaints that the agency representative used the racial slur "goat herder" and "garbage collector" in reference to the appellant's work experiences. PFR File, Tab 1 at 6-7, 13. In the initial decision, the administrative judge specifically addressed the "goat herding" comment made by the agency's representative and described the comment as an "offensive mischaracterization" of the appellant's work experience in Riyadh. ID at 7 n.4. Although the administrative judge denied the appellant's request for an interlocutory appeal to obtain a ruling against the agency's representative, and he failed to specifically address the "garbage collector" comment in the initial decision, the appellant has not shown that the administrative judge's comments or

---

[5] The appellant argues on review that the administrative judge overlooked that he disputed an evaluation of his qualifications prepared by the agency's Management and Program Analyst, after he filed his appeal, in response to his request for an internal reconsideration decision. PFR File, Tab 1 at 8; ID at 6 n.3. Because the administrative judge found that the analyst's evaluation was "immaterial to the actions over which the Board has jurisdiction," the Board need not consider the appellant's argument disputing the analyst's evaluation on review. ID at 6 n.3.

actions evidenced "a deep-seated favoritism or antagonism that would make fair judgment impossible." ID at 2; *see Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

¶12    Moreover, contrary to the appellant's additional arguments on review, we find that the "egregious misconduct" of the agency's representative does not constitute preponderant evidence that the agency violated the appellant's statutory or regulatory veterans' preference rights in the selection process. PFR File, Tab 1 at 13; *see Graves v. Department of Veterans Affairs*, 114 M.S.P.R. 209, ¶ 10 (2010). The appellant's remaining arguments on review present no basis for disturbing the initial decision denying his request for corrective action under VEOA. PFR File, Tabs 1, 3. We agree with the administrative judge's finding that there is no dispute of material fact and that the appellant is not entitled to relief as a matter of law. ID at 1, 7. We therefore deny the appellant's petition for review.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline

and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.